IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KHALID MOHAMMAD,[1]

    Plaintiff,

v.                                                                            CV 16-764 JB/WPL

ALBUQUERQUE POLICE DEPARTMENT,
THE METROPOLITAN COURT, and
METROPOLITAN DETENTION CENTER,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Defendants Albuquerque Police Department ("APD"), the Metropolitan Court ("Metro Court"), and the Bernalillo County Metropolitan Detention Center (incorrectly named in this case as "Metropolitan Detention Center") ("MDC"), each filed a motion to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docs. 13, 12, and 14, respectively.) Being fully advised in these matters, I recommend that the Court grant the motions to dismiss for failure to state a claim upon which relief can be granted. Additionally, I recommend that the Court allow Mohammad 21 days after entry of any Order granting the motions to dismiss to file an amended complaint.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court considers whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] Khalid Mohammad is a restricted filer in this District. *Mohammad v. United States*, 1:14-cv-00307-JCH-KBM, ECF No. 5 (D.N.M. May 30, 2014) (unpublished). Mohammad may file his Objections to this PFRD, pursuant to Federal Rule of Civil Procedure 72(b)(2). Mohammad may not file any other document in this case without leave of Court. Any attempt to file additional documents will result in striking those documents and may result in fines or sanctions against Mohammad.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss under Rule 12(b)(6), the Court considers "the complaint as a whole, along with the documents incorporated by reference into the complaint" and construes all well-pleaded allegations in the light most favorable to the plaintiff. *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1146 (10th Cir. 2015) (citations omitted). "Well-pled" means that the allegations are "plausible, non-conclusory, and non-speculative." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Courts "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

A court may resolve a motion to dismiss under Rule 12(b)(6) on the basis of an affirmative defense, such as the statute of limitations or statutory immunity, when the facts establishing the defense are apparent on the face of the complaint. *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014); *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

Because Mohammad proceeds pro se, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces, N.M.*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for pro se litigants' "failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)

(quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

## BACKGROUND

Mohammad brings claims against the Defendants pursuant to 42 U.S.C. § 1983; the New Mexico Tort Claims Act ("NMTCA"), NMSA § 41-4-12; and the Fourteenth Amendment to the United States Constitution. Mohammad alleges that an APD Officer and two Metro Court judges, acting in their official capacities, subjected him to unlawful imprisonment between January 10 and April 28, 2015. (Doc. 1-2 at 12.) An APD Officer arrested Mohammad for receipt of stolen property—a petty misdemeanor—on January 10, 2015. (*Id.* at 4-5.) Judge Dowler, a Metro Court judge, conducted Mohammad's bail hearing, set bail in the amount of $250, and scheduled a jury trial for February 9, 2015. (*Id.* at 6.) Mohammad filed multiple motions to obtain video footage from MDC, the bail hearing, and the arresting officer's lapel camera, but all of these motions were denied. (*Id.* at 7-8.) The arresting officer failed to attend the February 9, 2015, jury trial and another Metro Court judge, Judge Chavez, dismissed the case against Mohammad without prejudice. (*Id.* at 8-9.)

Mohammad contends that, after the case against him was dismissed on February 9, 2015, he remained incarcerated at MDC for an additional two and a half months, despite filing emergency motions for release. (*Id.* at 9-11.) Mohammad was released from MDC on April 28, 2015. (*Id.* at 11.)

## DISCUSSION

The theories advanced by each Defendant as to why Mohammad failed to state a claim of relief vary. Therefore, I address each motion individually. Because this matter comes before me

on several motions to dismiss, I have assumed that all of the well-pled factual allegations in the complaint are true.

**I. APD**

Mohammad's claim against APD stems from the actions of the arresting officer. Mohammad alleges that his arrest and subsequent incarceration were "without a prosecution, a court order, a sentence, an underlying conviction, verdict of guilty, plea of guilty, finding of guilty [sic], admission(s) of guilty [sic], and/or any consent . . . for imprisonment." (*Id.* at 12.) Mohammad contends that APD is subject to suit under the New Mexico Governmental Immunity Act, NMSA §§41-13-1 through -3, and brings suit pursuant to the NMTCA and 42 U.S.C. § 1983.

As an initial matter, Mohammad is incorrect about the New Mexico Governmental Immunity Act. Rather than waiving immunity, the Act provides that "[a] governmental entity[ or] a public employee . . . are not liable for damages arising out of a claim based upon tort, contract or other civil law claim" that was caused, directly or indirectly, by certain computer malfunctions occurring before December 31, 2005. NMSA § 41-13-3. The Act is inapplicable to this case.

APD urges that the claim against it must be dismissed because it is not a "person" but is a non-suable administrative agency for purposes of 42 U.S.C. § 1983, because it is an administrative agency within the City of Albuquerque and not the appropriately named entity under the NMTCA, and because Mohammad failed to comply with the notice provisions of the NMTCA. (Doc. 13 at 3-6.) In response to the motion, Mohammad simply states that he was never prosecuted based on the January 10, 2015, arrest and that he "requires the discovery stage

4

of litigation to establish the factual basis of his cause of action(s) [sic]." (Doc. 18 at 1.) Mohammad offered no other factual or legal argument.

APD is not a suable entity under 42 U.S.C. § 1983. Naming a municipal department, like APD, is not an appropriate means of stating a claim under § 1983 because a municipal department or subsidiary is not a "person" subject to suit under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991) (a separate entity as a body politic or corporate is essential to § 1983 "person" status) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)). In New Mexico, municipalities, but not municipal departments, are capable of being sued. NMSA § 3-18-1. Thus, APD is not a proper party for suit under § 1983.

As to claims under the NMTCA, APD argues that Mohammad failed to provide notice within the 90-day window provided by NMSA § 41-4-16(A) & (B). Mohammad presented no evidence suggesting that he filed a claim within 90 days of these events. Failure to "give timely notice under the [NMTCA is] fatal to [Mohammad's] state law claims." *Coffey v. McKinley Cty.*, 504 F. App'x 715, 719 (10th Cir. 2012) (unpublished).

Because APD is not a suable entity under 42 U.S.C. § 1983 and Mohammad has not alleged that he filed notice under the NMTCA, I recommend that the Court grant APD's motion to dismiss and allow Mohammad 21 days to file an amended complaint.

## II.     Metro Court

Mohammad brings two causes of action against Metro Court—one for the actions of Judge Dowler and one for the actions of Judge Chavez—stemming from several pretrial orders in

the case following his January 10, 2015, arrest. (Doc. 1-2 at 13-15.) In each instance, Mohammad brings claims under the New Mexico Governmental Immunity Act, the NMTCA, 42 U.S.C. § 1983, and the Fourteenth Amendment. As previously stated, the Governmental Immunity Act does not apply. Mohammad's Fourteenth Amendment claim is incorporated in § 1983.

Metro Court argues that it is not a "person" capable of being sued under 42 U.S.C. § 1983 because it is a state agency and the Judges were acting in their official capacities. (Doc. 12 at 3-4.) Additionally, Metro Court contends that any claims against it under the NMTCA must be dismissed because Judges Chavez and Dowler are absolutely immune from suit based on actions taken in their official capacities. (*Id.* at 5-7.) In response to the motion, Mohammad states he is suing Metro Court for Judge Chavez's acts and omissions, makes no reference to Judge Dowler, and again states that he "requires the discovery stage of litigation to establish the factual basis" of his claims. (Doc. 17 at 1.) Additionally, Mohammad clarifies that his cause of action is based on Judge Chavez's actions in her official capacity. (*Id.*)

Much like APD, Metro Court is not a suable entity under 42 U.S.C. § 1983, and Mohammad alleges that Judges Chavez and Dowler acted only in their official capacities. State officials, like Metro Court Judges, acting in their official capacities are not "persons" under 42 U.S.C. § 1983 when sued for money damages, and therefore cannot be sued under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, Metro Court is an arm of the State of New Mexico, *see* NMSA § 34-8A-8(B) ("Metropolitan Court is an agency of the judicial department of state government"), and cannot be sued under § 1983, *Will*, 491 U.S. at 71.

As to claims under the NMTCA, Metro argues that Judges Chavez and Dowler are absolutely immune pursuant to judicial immunity, which renders Metro Court immune. Metro Court contends that there is no waiver of immunity under the NMTCA because of judicial immunity, but admits that it is a governmental entity subject to suit under the NMTCA. Metro Court conflates the argument: the doctrine of absolute judicial immunity is a defense, *see Hunnicutt v. Sewell*, 219 P.3d 529, 532-35 (N.M. Ct. App. 2009), not a limitation on the waiver of immunity found in the NMTCA.

Judicial immunity, like other forms of official immunity, is immunity from suit and the associated burdens, not just immunity from the ultimate assessment of monetary damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously or corruptly"). The only circumstances under which a judge is not immune are a) nonjudicial actions and b) when the judge acts "in the complete absence of all jurisdiction." *Id.* at 11-12. There is neither evidence nor any well-pled allegation that either Judge ordered Mohammad detained without cause. In fact, Mohammad contends that MDC held him despite the lack of "court order." (*See* Doc. 1-2 at 12.) The exceptions do not apply here.

Accordingly, I recommend that the Court conclude that the judges and courts are immune from suit and grant Metro Court's motion to dismiss.

### III. MDC

Mohammad brings claims against MDC under the New Mexico Governmental Immunity Act, the NMTCA, 42 U.S.C. § 1983, and the Fourteenth Amendment. (Doc. 1-2 at 15.) The

genesis of Mohammad's claim is that MDC officers refused to transport him to a court appearance on February 5, 2015, and "caused [him] to suffer from irreversible harms, injuries and stigmas of unlawful imprisonment by not transporting [him] to The Second Judicial District Court on February 5, 2015." (*Id.*) Again, the Governmental Immunity Act is inapplicable and irrelevant to this case. Mohammad's Fourteenth Amendment claim is incorporated in § 1983.

MDC argues that Mohammad failed to state a claim against it under 42 U.S.C. § 1983 because there is no allegation that MDC violated any policy of Bernalillo County and MDC cannot be held liable under a theory of vicarious liability for the actions of its unnamed employees, and that MDC is not a suable entity under this statute. (Doc. 14 at 3, 6.) MDC further argues that the NMTCA does not waive liability for the alleged tort of failure to transport a pretrial detainee to a court date. (*Id.* at 4.) In response to the motion, Mohammad simply states that he was never prosecuted based on the January 10, 2015, arrest and that he "requires the discovery stage of litigation to establish the factual basis of his cause of action(s) [sic]." (Doc. 19 at 1.) Mohammad offered no other factual or legal argument.

Like APD, MDC is not a suable entity under 42 U.S.C. § 1983. *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished); *Apodaca v. N.M. Adult Probation & Parole*, 998 F. Supp. 2d 1160, 1190 (D.N.M. 2014) (Browning, J.) ("a detention center is not a suable entity in a § 1983 action"). Because MDC is not a suable entity under § 1983, it is unnecessary to reach MDC's argument on whether it can be held vicariously liable.

As to the NMTCA, MDC argues that failure to transport a pretrial detainee to a court hearing is not an enumerated tort under the statute for which immunity has been waived. NMSA § 41-4-12. The statue specifically lists the tort of false imprisonment as a tort for which immunity has been waived, but a failure to transport cannot fairly be characterized as false

imprisonment. Additionally, Mohammad does not allege what harm, if any, stemmed from this alleged failure. To the extent that Mohammad attempts to bring a claim against MDC for the negligence of its officers, this claim, too, must fail. Negligence is not an enumerated tort under the NMTCA. *See Lessen v. City of Albuquerque*, 187 P.3d 179, 186 (N.M. Ct. App. 2008) (NMTCA does not waive immunity simply for negligence). In either case, Mohammad fails to state a claim against MDC.

Because MDC is not a suable entity under § 1983 and because Mohammad has not shown that the NMTCA waives immunity against MDC for the alleged failure to transport, I recommend that the Court grant MDC's motion to dismiss.

## CONCLUSION

As explained above, I recommend that the Court grant the motions to dismiss for failure to state a claim. Further, I recommend that the Court allow Mohammad 21 days to file an amended complaint. Finally, I remind Mohammad that he is a restricted filer. He may file objections to this PFRD, but may not file any other document in this case unless and until the Court so allows.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.